**LITTLER MENDELSON, P.C.**
A Professional Corporation
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, Pennsylvania 19102
267-402-3000
Attorneys for Defendant General Electric Company

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONALD MADDY, KURT FREDERICK, FREDERICK R. SHELLHAMMER III, FRANK MICHIENZI, MARIO LAUREANO, ANTHONY CHELPATY, WILLIAM MADDEN, *Individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> vs. <br><br> GENERAL ELECTRIC COMPANY, a New York corporation, <br><br> Defendant. | Civil Action No. 14-00490 (JEI-KMW) <br><br><br> <u>**Electronically Filed**</u> |

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER**
**DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant General Electric Company ("Defendant" or "GE"), by and through the undersigned counsel, hereby answers each consecutively numbered paragraph of Plaintiffs' Complaint as follows:

<u>**INTRODUCTION**</u>

1.      Defendant admits that Plaintiffs purport to bring this action on behalf of themselves and other similarly situated employees for unpaid wages, unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29

1

U.S.C. §216(b) ("FLSA") and the wage and hour laws of New Jersey, Pennsylvania, Massachusetts, and Florida.  Defendant denies that there has been any violation of the FLSA or applicable state wage and hour laws, denies that Plaintiffs are entitled to any relief, and further denies that there are any individuals similarly situated to Plaintiffs.

2.     Defendant admits that Plaintiffs purport to bring this action on behalf of themselves and other similarly situated employees to address alleged violations of the FLSA.  Defendant denies that there has been any violation of the FLSA, denies that Defendant failed to pay wages or overtime pay, denies that Plaintiffs are entitled to any relief, and denies that there are any individuals similarly situated to Plaintiffs.

3.     Defendant admits that Plaintiffs Maddy and Frederick purport to bring this action to address alleged violations of the FLSA, the New Jersey Wage and Hour Law, and the New Jersey Wage Payment Collection Law.  Defendant denies that any of these claims have merit.  Defendant also denies that it failed to pay Plaintiff Maddy or Frederick proper overtime compensation and wages for all hours worked, denies that Plaintiffs Maddy or Frederick are entitled to any relief, and denies that there are any individuals similarly situated to Plaintiffs Maddy or Frederick.

4.     Defendant admits that Plaintiff Shellhammer purports to bring this action to address alleged violations of the FLSA, The Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment Collection Law.  Defendant denies that any of these claims have merit.  Defendant also denies that it failed to pay Plaintiff Shellhammer proper overtime compensation and wages for all hours worked, denies that Plaintiff Shellhammer is entitled to any relief, and denies that there are any individuals similarly situated to Plaintiff Shellhammer.

5.     Defendant admits that Plaintiff Michienzi purports to bring this action to address alleged violations of the FLSA, the Massachusetts Payment of Wages Law, and the Massachusetts

Overtime Law.  Defendant denies that any of these claims have merit.  Defendant also denies that it failed to pay Plaintiff Michienzi proper overtime compensation and wages for all hours worked, denies that Plaintiff Michienzi is entitled to any relief, and denies that there are any individuals similarly situated to Plaintiff Michienzi.

6.       Defendant admits that Plaintiff Laureano purports to bring this action to address alleged violations of the FLSA, the Florida Constitution, and the Florida Minimum Wage Law. Defendant denies that any of these claims have merit.  Defendant also denies that it failed to pay Plaintiff Laureano proper overtime compensation and wages for all hours worked, denies that Plaintiff Laureano is entitled to any relief, and denies that there are any individuals similarly situated to Plaintiff Laureano.

## JURISDICTION AND VENUE

7.       Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 6 as if stated herein in full.

8.       The allegations of Paragraph 8 of the Complaint are a legal conclusion, to which no admission or denial is required.  To the extent that a response is required, Defendant admits that this Court has personal jurisdiction over Defendant.

9.       The allegations of Paragraph 9 of the Complaint are a legal conclusion, to which no admission or denial is required.   To the extent that a response is required, Defendant admits that this Court has subject matter jurisdiction over Plaintiffs' FLSA claims and deny the remaining allegations in Paragraph 9.

10.      The allegations of Paragraph 10 of the Complaint are a legal conclusion, to which no admission or denial is required.  To the extent that a response is required, Defendant admits that the action is properly venued in this Court.

## **PARTIES**

11.     Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 10 as if stated herein in full.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint regarding where Plaintiff Maddy resides and, therefore, denies the allegations contained in Paragraph 12.

13.     Admitted.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint regarding where Plaintiff Frederick resides and, therefore, denies the allegations contained in Paragraph 14.

15.     Admitted only with respect to the time period ending on or about May 31, 2012. Thereafter, denied.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint regarding where Plaintiff Shellhammer resides and, therefore, denies the allegations contained in Paragraph 16.

17.     Admitted.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint regarding where Plaintiff Michienzi resides and, therefore, denies the allegations contained in Paragraph 18.

19.     Admitted only with respect to the time period ending on or about December 13, 2011.  Thereafter, denied.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint regarding where Plaintiff Laureano resides and, therefore, denies the allegations contained in Paragraph 20.

21.     Admitted.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint regarding where Plaintiff Chelpaty resides and, therefore, denies the allegations contained in Paragraph 22.

23.     Admitted that Plaintiff Chelpaty worked in Delaware and Pennsylvania.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint regarding where Plaintiff Madden resides and, therefore, denies the allegations contained in Paragraph 24.

25.     Admitted that Plaintiff Madden worked in Georgia and Florida, but admitted only with respect to the time period ending on or about October 15, 2013.  Thereafter, denied.

26.     Admitted.

27.     Admitted that the Plaintiffs worked as service technicians for Defendant in New Jersey, Massachusetts, Florida, Delaware or Georgia, and were non-exempt under the FLSA. Denied that Plaintiffs Frederick, Michienzi and Madden worked for Defendant during the entire Relevant Period.

28.     Defendant admits that it employed the Plaintiffs during part or all of the Relevant Period, but otherwise denies the allegations contained in Paragraph 28 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS
### General Allegations

29.     Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 28 as if stated herein in full.

30.     Defendant admits that Plaintiffs purport to bring this action to address alleged violations of the FLSA.  Defendant denies that any of these claims have merit.  Defendant also denies that it engaged in any unlawful pay practices and policies, and denies that Plaintiffs are entitled to any relief.  Defendant denies that there are any individuals similarly situated to Plaintiffs. Defendant denies any remaining allegations in paragraph 30 of the Complaint.

31.     Admitted with respect to Named Plaintiffs.  Otherwise denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

<u>**CLASS ACTION ALLEGATIONS**</u>
<u>***Class of New Jersey Employees***</u>

37.     Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 36 as if stated herein in full.

38.     Defendant admits that Plaintiffs Maddy and Frederick purport to bring this action pursuant to Federal Rule of Civil Procedure 23 to address alleged violations of New Jersey Wage laws.  Defendant denies that any of these claims have merit.  Defendant denies that it violated New Jersey Wage Laws, and denies that Plaintiffs Maddy and Frederick are entitled to any relief. Defendant denies that there are any individuals similarly situated to Plaintiffs Maddy and Frederick.

39.     Defendant admits that Plaintiffs Maddy and Frederick purport to seek to bring this action on behalf of all service technicians presently and formerly employed by Defendant in New Jersey in the two years preceding the filing of this action.  Defendant denies that any of these claims

have merit or that it engaged in unlawful pay practice and policies.  Defendant denies that there are any individuals similarly situated to Plaintiffs Maddy and Frederick.

40.    Denied.

41.    Denied.

42.    Defendant admits that Plaintiffs Maddy and Frederick were employed by Defendant within the last two years in New Jersey.  Defendant denies the remaining allegations contained in Paragraph 42 of the Complaint.

43.    Denied.

44.    Denied.

### *Class of Pennsylvania Employees*

45.    Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 44 as if stated herein in full.

46.    Defendant admits that Plaintiff Shellhammer purports to bring this action pursuant to Federal Rule of Civil Procedure 23 to address alleged violations of the Pennsylvania Wage Laws. Defendant denies that any of these claims have merit.  Defendant denies that it violated Pennsylvania Laws, and denies that Plaintiff Shellhammer is entitled to any relief.  Defendant denies that there are any individuals similarly situated to Plaintiff Shellhammer.

47.    Defendant admits that Plaintiff Shellhammer purports to seek to bring this action on behalf of all service technicians presently and formerly employed by Defendant in Pennsylvania in the three years preceding the filing of this action.  Defendant denies that any of these claims have merit or that it engaged in unlawful pay practice and policies. Defendant denies that there are any individuals similarly situated to Plaintiff Shellhammer.

48.    Denied.

49.     Denied.

50.     Defendant admits that Plaintiff Shellhammer was employed by Defendant within the last three years in Pennsylvania.  Defendant denies the remaining allegations contained in Paragraph 50 of the Complaint.

51.     Denied.

52.     Denied.

### *Class of Massachusetts Employees*

53.     Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 52 as if stated herein in full.

54.     Defendant admits that Plaintiff Michienzi purports to bring this action pursuant to Federal Rule of Civil Procedure 23 to address alleged violations of the Massachusetts Wage Laws. Defendant denies that any of these claims have merit. Defendant denies that it violated Massachusetts Wage Laws, and denies that Plaintiff Michienzi is entitled to any relief.  Defendant denies that there are any individuals similarly situated to Plaintiff Michienzi.

55.     Defendant admits that Plaintiff Michienzi purports to seek to bring this action on behalf of all service technicians presently and formerly employed by Defendant in Massachusetts in the three years preceding the filing of this action.  Defendant denies that any of these claims have merit or that it engaged in unlawful pay practice and policies. Defendant denies that there are any individuals similarly situated to Plaintiff Michienzi.

56.     Denied.

57.     Denied.

58.     Defendant admits that Plaintiff Michienzi was employed by Defendant within the last three years in Massachusetts. Defendant denies the remaining allegations contained in Paragraph 58 of the Complaint.

59.     Denied.

60.     Denied.

### *Class of Florida Employees*

61.     Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 60 as if stated herein in full.

62.     Defendant admits that Plaintiff Laureano purports to bring this action pursuant to Federal Rule of Civil Procedure 23 to address alleged violations of the Florida Wage Laws. Defendant denies that any of these claims have merit.  Defendant denies that it violated Florida Wage Laws, and denies that Plaintiff Laureano is entitled to any relief.  Defendant denies that there are any individuals similarly situated to Plaintiff Laureano.

63.     Defendant admits that Plaintiff Laureano purports to seek to bring this action on behalf of all service technicians presently and formerly employed by Defendant in Florida in the five years preceding the filing of this action.  Defendant denies that any of these claims have merit or that it engaged in unlawful pay practice and policies. Defendant denies that there are any individuals similarly situated to Plaintiff Laureano.

64.     Denied.

65.     Denied.

66.     Defendant admits that Plaintiff Laureano was employed by Defendant within the last five years in Florida. Defendant denies the remaining allegations contained in Paragraph 66 of the Complaint.

67.     Denied.

68.     Denied.

## **FACTUAL BACKGROUND**

69.     Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 68 as if stated herein in full.

70.     Defendant admits that Plaintiff Maddy has worked for Defendant since approximately August 1, 2005, and is currently employed by Defendant as a service technician.

71.     Defendant admits that Plaintiff Frederick worked for Defendant from approximately July 26, 1995 until on or about May 31, 2012 and was employed by Defendant as a service technician.

72.     Defendant admits that Plaintiff Shellhammer has worked for Defendant since approximately January 30, 1989, and is currently employed by Defendant as a service technician.

73.     Defendant admits that Plaintiff Michienzi worked for Defendant from approximately June 7, 1993 until on or about December 13, 2011, and was employed by Defendant as a service technician.

74.     Defendant admits that Plaintiff Laureano has worked for Defendant since approximately June 2006, and is currently employed by Defendant as a service technician.

75.     Defendant admits that Plaintiff Chelpaty has worked for Defendant since approximately November 3, 1986, and is currently employed by Defendant as a service technician.

76.     Defendant admits that Plaintiff Madden worked for Defendant from approximately January 2, 2002 until on or about October 15, 2013, and was employed by Defendant as a service technician.

77.     Denied.

10

78.     Defendant denies the allegations contained in Paragraph 78 of the Complaint, except Defendant admits that, during part or all of the Relevant Period, it employed the Plaintiffs as service technicians.

79.     Denied.

80.     Defendant denies the allegations contained in Paragraph 80 of the Complaint, except Defendant admits that it employed Plaintiffs during part or all of the Relevant Period.

81.     Admitted.

82.     Admitted that the Named Plaintiffs worked for Defendant as non-exempt service technicians and were compensated on an hourly basis for the work they performed pursuant to an agreed regular rate of pay under a collective bargaining agreement.   Defendant denies any implication that each of the Named Plaintiffs was covered by the same collective bargaining agreement; denies that there are individuals similarly situated to Plaintiffs; and otherwise denies the allegations in Paragraph 82 of the Complaint.

83.     Admitted.

84.     Admitted.

85.     Defendant denies the allegations contained in Paragraph 85 of the Complaint, except Defendant states that, in accordance with 29 U.S.C. § 254, time spent by Plaintiffs traveling to their first service call of the day and from their last service call of the day, and time devoted to activities incidental to their use of company-provided vans, was not "hours worked" and thus was not compensable time.

86.     Denied.

87.     Admitted.

88.     Defendant denies the allegations contained in Paragraph 88 of the Complaint, except Defendant admits that, during part or all of the Relevant Period, Defendant had in place daily revenue goals for service technicians, including Plaintiffs.

89.     Defendant denies the allegations contained in Paragraph 89 of the Complaint, except Defendant states that failure to maintain an acceptable level of performance, including performance relative to revenue goals, could lead to coaching, counseling, performance improvement plan and, if not successful, termination of employment for unsatisfactory performance.

90.     Denied.

91.     Denied.

92.     Defendant denies the allegations contained in Paragraph 92 of the Complaint, except Defendant states that failure to maintain an acceptable level of performance, including performance relative to revenue goals, could lead to coaching, counseling, performance improvement plan and, if not successful, termination of employment for unsatisfactory performance.

93.     Defendant denies the allegations contained in Paragraph 93, except Defendant admits that employees who took uninterrupted lunch breaks of at least one-half hour were not paid for such lunch breaks.

94.     Denied.

95.     Denied.

96.     Defendant denies the allegations contained in Paragraph 96 of the Complaint, except Defendant admits that, during part or all of the Relevant Period, Plaintiffs used their laptop computers to access information about their daily service calls, to order parts, and to access e-mail. Defendant further admits that Plaintiffs used their vans to drive home from their last service call.

97.     Denied.

98.    Denied.

99.    Denied.

100.    Defendant denies the allegations contained in Paragraph 100 of the Complaint, except Defendant states that, in accordance with 29 U.S.C. § 254, time spent by Plaintiffs traveling to their first service call of the day and from their last service call of the day, and time devoted to activities incidental to their use of company-provided vans, was not "hours worked" and thus was not compensable time.

101.    Denied.

102.    Denied.

**COUNT I**
**Fair Labor Standards Act ("FLSA")**
**(Claim for Unpaid Wages and Overtime Compensation**
**(Named Plaintiffs and Collective Plaintiffs v. Defendant)**

103.    Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 102 as if stated herein in full.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied, except Defendant states that it has time records and compensation records of amounts actually paid to Plaintiffs and other service technicians.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

13

113.    Defendant denies that Plaintiffs are entitled to any of the relief that they seek, including attorneys' fees and costs.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiffs' retention of the attorneys who signed the Complaint, and, therefore, denies this allegation.

114.    Defendant admits that Plaintiffs demand a trial by jury.

<u>**COUNT II**</u>
<u>**New Jersey Wage and Hour Law**</u>
**(Failure to Pay Overtime Compensation)**
**(Plaintiffs Maddy, Frederick and New Jersey Plaintiffs v. Defendant)**

115.    Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 114 as if stated herein in full.

116.    The allegations of Paragraph 116 of the Complaint are a legal conclusion, to which no admission or denial is required.

117.    Defendant admits that it was responsible for paying wages to Plaintiffs Maddy and Frederick.  Defendant is without knowledge or information sufficient to form a belief as to the identities of the alleged "New Jersey Plaintiffs," and, therefore, denies this allegation.

118.    The allegations of Paragraph 118 of the Complaint are a legal conclusion, to which no admission or denial is required.  Further, Defendant is without knowledge or information sufficient to form a belief as to the identities of the alleged "New Jersey Plaintiffs," and, therefore, denies this allegation.

119.    The allegations of Paragraph 119 of the Complaint are a legal conclusion, to which no admission or denial is required.

120.    Denied.

121.    Denied.

122.    Denied.

**COUNT III**
**New Jersey Wage Payment Collection Law**
**(Failure to Pay Wages Earned)**
**(Plaintiffs Maddy, Frederick and New Jersey Plaintiffs v. Defendant)**

123.     Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 122 as if stated herein in full.

124.     The allegations of Paragraph 124 of the Complaint are a legal conclusion, to which no admission or denial is required.

125.     Defendant admits that it was responsible for paying wages to Plaintiffs Maddy and Frederick.   Defendant is without knowledge or information sufficient to form a belief as to the identities of the alleged "New Jersey Plaintiffs," and, therefore, denies this allegation.

126.     The allegations of Paragraph 126 of the Complaint are a legal conclusion, to which no admission or denial is required. Further, Defendant is without knowledge or information sufficient to form a belief as to the identities of the alleged "New Jersey Plaintiffs," and, therefore, denies this allegation.

127.     The allegations of Paragraph 127 of the Complaint are a legal conclusion, to which no admission or denial is required.

128.     Denied.

129.     Denied.

130.     Denied.

**COUNT IV**
**Pennsylvania Minimum Wage Act**
**(Failure to Pay Overtime Compensation)**
**(Plaintiff Shellhammer and Pennsylvania Plaintiffs v. Defendant)**

131.      Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 130 as if stated herein in full.

15

132.     The allegations of Paragraph 132 of the Complaint are a legal conclusion, to which no admission or denial is required.

133.     Defendant admits that it was responsible for paying wages to Plaintiff Shellhammer. Defendant is without knowledge or information sufficient to form a belief as to the identities of the alleged "Pennsylvania Plaintiffs," and, therefore, denies this allegation.

134.     The allegations of Paragraph 134 of the Complaint are a legal conclusion, to which no admission or denial is required.  Further, Defendant is without knowledge or information sufficient to form a belief as to the identities of the alleged "Pennsylvania Plaintiffs," and, therefore, denies this allegation.

135.     The allegations of Paragraph 135 of the Complaint are a legal conclusion, to which no admission or denial is required.

136.     Denied.

137.     Denied.

138.     Denied.

## COUNT V
## Pennsylvania Wage Payment Collection Law
### (Failure to Pay Wages Earned)
### (Plaintiff Shellhammer and Pennsylvania Plaintiffs v. Defendant)

139.     Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 138 as if stated herein in full.

140.     The allegations of Paragraph 140 of the Complaint are a legal conclusion, to which no admission or denial is required.

141.     Defendant admits that it was responsible for paying wages to Plaintiff Shellhammer. Defendant is without knowledge or information sufficient to form a belief as to the identities of the alleged "Pennsylvania Plaintiffs," and, therefore, denies this allegation.

142.    The allegations of Paragraph 142 of the Complaint are a legal conclusion, to which no admission or denial is required.  Further, Defendant is without knowledge or information sufficient to form a belief as to the identities of the alleged "Pennsylvania Plaintiffs," and, therefore, denies this allegation.

143.    The allegations of Paragraph 143 of the Complaint are a legal conclusion, to which no admission or denial is required.

144.    Denied.

145.    Denied.

146.    Denied.

## COUNT VI
### Massachusetts Overtime Law
**(Failure to Pay Overtime Compensation)**
**(Plaintiff Michienzi and Massachusetts Plaintiffs v. Defendant)**

147.    Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 146 as if stated herein in full.

148.    The allegations of Paragraph 148 of the Complaint are a legal conclusion, to which no admission or denial is required.

149.    Defendant admits that it was responsible for paying wages to Plaintiff Michienzi. Defendant is without knowledge or information sufficient to form a belief as to the identities of the alleged "Massachusetts Plaintiffs," and, therefore, denies this allegation.

150.    The allegations of Paragraph 150 of the Complaint are a legal conclusion, to which no admission or denial is required.  Further, Defendant is without knowledge or information sufficient to form a belief as to the identities of the alleged "Massachusetts Plaintiffs," and, therefore, denies this allegation.

151.    The allegations of Paragraph 151 of the Complaint are a legal conclusion, to which no admission or denial is required.

152.    Denied.

153.    Denied.

154.    Denied.

## COUNT VII
### Massachusetts Payment of Wages Law
### (Failure to Pay Wages Earned)
### (Plaintiff Michienzi and Massachusetts Plaintiffs v. Defendant)

155.    Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 154 as if stated herein in full.

156.    The allegations of Paragraph 156 of the Complaint are a legal conclusion, to which no admission or denial is required.

157.    Defendant admits that it was responsible for paying wages to Plaintiff Michienzi. Defendant is without knowledge or information sufficient to form a belief as to the identities of the alleged "Massachusetts Plaintiffs," and, therefore, denies this allegation.

158.    The allegations of Paragraph 158 of the Complaint are a legal conclusion, to which no admission or denial is required.  Further, Defendant is without knowledge or information sufficient to form a belief as to the identities of the alleged "Massachusetts Plaintiffs," and, therefore, denies this allegation.

159.    The allegations of Paragraph 159 of the Complaint are a legal conclusion, to which no admission or denial is required.

160.    Denied.

161.    Denied.

162.    Denied.

18

## COUNT VIII
## Florida Law
### (Failure to Pay Wages Earned)
### (Plaintiff Laureano and Florida Plaintiffs v. Defendant)

163.   Defendant reaffirms and re-alleges its answers to Paragraphs numbered 1 through 162 as if stated herein in full.

164.   The allegations of Paragraph 164 of the Complaint are a legal conclusion, to which no admission or denial is required.

165.   Defendant admits that it was responsible for paying wages to Plaintiff Laureano. Defendant is without knowledge or information sufficient to form a belief as to the identities of the alleged "Florida Plaintiffs," and, therefore, denies this allegation.

166.   The allegations of Paragraph 166 of the Complaint are a legal conclusion, to which no admission or denial is required.  Further, Defendant is without knowledge or information sufficient to form a belief as to the identities of the alleged "Florida Plaintiffs," and, therefore, denies this allegation.

167.   The allegations of Paragraph 167 of the Complaint are a legal conclusion, to which no admission or denial is required.

168.   Denied.

169.   Denied.

170.   Denied.

Defendant denies any allegations not expressly admitted herein, and denies that Plaintiffs are entitled to any of the relief that they seek in the WHEREFORE section of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### Second Defense

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and/or predates the limitations period under applicable state law, such claims of Plaintiffs are barred.  This defense also may apply to the claims of some or all of the classes of allegedly similarly situated persons.

### Third Defense

Plaintiffs' claims may be barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, to the extent that actions in connection with Plaintiffs' compensation were taken in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.  This defense also may apply to the claims of some or all of the classes of allegedly similarly situated persons.

### Fourth Defense

Plaintiffs' claims may be barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were taken in good faith and with reasonable grounds for believing that the actions or omissions were not

20

a violation of the FLSA.  This defense also may apply to the claims of some or all of the classes of allegedly similarly situated persons.

### Fifth Defense

Plaintiffs' claims may be barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours in which Plaintiffs were travelling to and from work, were engaged in activities that were preliminary or postliminary to their principal activities, and were engaged in activities incidental to the use of company-provided vehicles. This defense also may apply to the claims of some or all of the classes of allegedly similarly situated persons.

### Sixth Defense

Some or all of the time spent by Plaintiffs engaged in activities, as alleged by Plaintiffs, which is not otherwise excluded from hours worked under the FLSA, may be de minimis, and therefore not compensable.  This defense also may apply to the claims of some or all of the classes of allegedly similarly situated persons.

### Seventh Defense

To the extent that discovery reveals that Plaintiffs falsely reported their hours and there is no evidence that Defendant required the false reporting of hours, no evidence that Defendant encouraged Plaintiffs to falsely report their hours, and no evidence that Defendant knew or should have known that Plaintiffs were providing false information as to their hours, Defendant hereby invokes the doctrine of estoppel to bar the claims asserted by the Plaintiffs.  *See Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).  This defense also may apply to the claims of some or all of the classes of allegedly similarly situated persons.

## Eighth Defense

Defendant at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that its actions did not violate the FLSA, and Defendant asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiffs for liquidated damages and a three-year limitations period.  This defense also may apply to the claims of some or all of the classes of allegedly similarly situated persons.

## Ninth Defense

Defendant believes that a reasonable opportunity for investigation and discovery may reveal that Plaintiffs failed to take reasonable actions to mitigate their damages, if any, and any recovery to which Plaintiffs might be entitled must then be reduced by reason of their failure to mitigate their damages, if any.  This defense also may apply to the claims of some or all of the classes of allegedly similarly situated persons.

## Tenth Defense

The Court lacks jurisdiction over the claims of some of the Plaintiffs and/or some individuals whom Plaintiffs seek to represent because they are subject to binding arbitration on an individual basis, and not as a representative or member of a class or collective action.  Defendant, by answering the Complaint, does not waive its right to demand arbitration from some or all of the Plaintiffs and/or individuals whom Plaintiffs seek to represent.

## Eleventh Defense

There are no employees who are similarly situated to Plaintiffs, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).  The Plaintiffs are not similarly situated to each other.

**Twelfth Defense**

Pursuant to 29 U.S.C. § 216(b), no individual shall be a party plaintiff to this action unless and until such individual gives his or her consent in writing to become such a party and such consent is filed with the Court.

**Thirteenth Defense**

Resolution of Plaintiffs' claims would require interpretation of the applicable collective bargaining agreement(s), and thus the claims are preempted by section 301 of the Labor Management Relations Act.

**Fourteenth Defense**

Plaintiffs' claims are barred to the extent they seek duplicative relief or amounts seeking more than a single recovery.

**Fifteenth Defense**

Plaintiffs' purported claims and the claims Plaintiffs seek to assert on behalf of others must be offset by any amounts that Plaintiffs and putative class members previously received in connection with wage and hour complaints asserted before the instant litigation.

**Sixteenth Defense**

Plaintiffs may not properly maintain this case as a class action because: (1) Plaintiffs failed to plead, and cannot establish, the necessary procedural elements for class treatment; (2) a class is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (3) common issues of fact or law do not predominate and, to the contrary, individual issues predominate; (4) Plaintiffs' claims are not representative or typical of the claims of the putative class members; (5) Plaintiffs are not proper class representatives and are not similarly situated to the proposed class group; (6) Plaintiffs and their counsel of record are not adequate

representatives for the alleged putative class; (7) Plaintiffs cannot satisfy any of the requirements for class treatment, and class treatment is neither appropriate nor constitutional; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiffs and the members of the alleged putative class group; (9) the alleged putative class is not ascertainable, nor are its members identifiable; and (10) to the extent that the alleged putative class group is ascertainable and its members are identifiable, the number of putative class members is too small to meet the numerosity requirement for a class action.

### Seventeenth Defense

Defendant opposes class certification and disputes the propriety of class treatment.  If the Court certifies a class in this case over Defendant's objections, then Defendant asserts the affirmative and other defenses set forth herein against each and every member of the certified class.

### Eighteenth Defense

Plaintiffs' Complaint fails to state any facts that would entitle Plaintiffs and the putative class to recover any compensatory damages, punitive damages, attorneys' fees, costs or equitable relief from Defendant.

### Nighteenth Defense

To the extent any members of the putative class group have signed a release and/or waiver encompassing claims alleged in Plaintiffs' Complaint, their claims are barred by that release and/or waiver.

### Twentieth Defense

Plaintiffs' and the putative class members' claims are barred to the extent they failed to exhaust their administrative remedies or other prerequisites to filing their claims in this action.

### Twenty-First Defense

Plaintiffs and the alleged putative class members have been paid and/or received all wages and/or compensation due to them by virtue of their employment.

### Twenty-Second Defense

Plaintiffs' alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant.

### Twenty-Third Defense

If Plaintiffs are entitled to recover additional compensation on behalf of themselves and/or others, Defendant has not willfully or intentionally failed to pay such additional compensation, and as such, liquidated damages should not be awarded.  Moreover, only a two-year statute of limitations should apply under the Fair Labor Standards Act.

### Twenty-Fourth Defense

Certification of a collective action, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's procedural rights and right to trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

### Twenty-Fifth Defense

Plaintiffs do not, and cannot, fairly and adequately represent the interests of the purported collective action.


Defendant reserves the right to amend or add any additional defenses that may become known during the course of the discovery.

**WHEREFORE**, Defendant General Electric Company respectfully requests that this Court:

(a) dismiss Plaintiffs' Complaint with prejudice; (b) deny Plaintiffs' demands and prayer for relief;

(c) award Defendant costs and reasonable attorney's fees incurred in defense of this action; and (d)

grant such other and further relief as the Court deems just and proper.

Respectfully submitted,


*s/ Nina K. Markey*
Nina K. Markey
**LITTLER MENDELSON, P.C.**
A Professional Corporation
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 (t)
267.402.3131 (f)
nmarkey@littler.com

Aaron Reed (*pro hac vice* motion to be filed)
Florida Bar No. 0557153
LITTLER MENDELSON, P.C.
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida  33131
Tel:  (305) 400-7500
Fax: (305) 603-2552
areed@littler.com

Daniel B. Boatright (*pro hac vice* motion to be filed)
Missouri Bar No. 38803
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, Missouri  64106
Tel: (816) 627-4401
Fax: (816) 817-7703
dboatright@littler.com

Attorneys for Defendant General Electric Company

Dated: March 6, 2014

26

## **CERTIFICATE OF SERVICE**

I, Nina K. Markey, hereby certify that I caused to be served the foregoing **Answer** via ECF upon the following:

Justin Swidler
Swartz Swidler, LLC
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
jswidler@swartz-legal.com

*s/ Nina K. Markey*
Nina K. Markey

Dated: March 6, 2014

27