**LITTLER MENDELSON, P.C.**
A Professional Corporation
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, Pennsylvania 19102
267-402-3000
Attorneys for Defendant General Electric Company

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONALD MADDY, KURT FREDERICK, FREDERICK R. SHELLHAMMER III, FRANK MICHIENZI, MARIO LAUREANO, ANTHONY CHELPATY, WILLIAM MADDEN, *Individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY, a New York corporation,<br><br>Defendant. | Civil Action No. 14-00490 (JEI-KMW)<br><br>**Electronically Filed** |

**JOINT PROPOSED DISCOVERY PLAN**

Plaintiffs Donald Maddy *et al.* ("Plaintiffs") and Defendant General Electric Company ("Defendant" or "GE"), hereby submit this Joint Proposed Discovery Plan in accordance with Your Honor's March 7, 2014 Order.

**1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.**

| | |
|---|---|
| Nina K. Markey, Esquire<br>**LITTLER MENDELSON, P.C.**<br>A Professional Corporation<br>1601 Cherry Street, Suite 1400<br>Philadelphia, PA  19102.1321<br>267.402.3020 (t)<br>267.402.3131 (f)<br>nmarkey@littler.com | Richard Swartz, Esquire<br>Justin Swidler, Esquire<br>SWARTZ SWIDLER, LLC<br>1878 Marlton Pike East, Ste. 10<br>Cherry Hill, NJ 08003<br>856.685.7420 (t)<br>rswartz@swartz-legal.com<br>jswidler@swartz-legal.com |
| Aaron Reed, Esquire (*pro hac vice* motion pending)<br>Florida Bar No. 0557153<br>LITTLER MENDELSON, P.C.<br>333 S.E. 2nd Avenue, Suite 2700<br>Miami, Florida  33131<br>Tel:  (305) 400-7500<br>Fax: (305) 603-2552<br>areed@littler.com | Robert D. Soloff, Esquire (*pro hac vice*)<br>ROBERT D. SOLOFF, P.A<br>7805 S.W. 6th Court<br>Plantation, Florida 33324<br>954.472.0002 (t)<br>954.472.0052 (f)<br>soloffpa@bellsouth.net |
| Daniel B. Boatright, Esquire (*pro hac vice* motion pending)<br>Missouri Bar No. 38803<br>LITTLER MENDELSON, P.C.<br>1201 Walnut Street, Suite 1450<br>Kansas City, Missouri  64106<br>Tel: (816) 627-4401<br>Fax: (816) 817-7703<br>dboatright@littler.com | Alan Eichenbaum, Esquire (*pro hac vice*)<br>LAW FIRM OF ALAN EICHENBAUM, P.A.<br>10059 N.W. 1st Court<br>Plantation, Florida  33324<br>954.916.1202 (t)<br>954.916.1232 (f)<br>alanlaw@bellsouth.net<br><br>Attorney for Plaintiffs |
| Attorneys for Defendant General Electric Company | |

**2. Set forth a brief description of the case, including the causes of action and defenses asserted.**

Plaintiffs claim that the compensation practices of Defendant violate the Fair Labor Standards Act ("FLSA") in that Defendant failed to pay Plaintiffs for all hours worked, and failed to pay Plaintiffs for overtime hours they and the class they seek to represent worked as service technicians.  Plaintiffs' claims invoke the unique procedural "opt-in" mechanism of 29 U.S.C. § 216(b) collective action under the FLSA, as well as asserting Rule 23 class actions in four states. Specifically, Plaintiff's Complaint contains the following eight counts: (1) alleged unpaid wages and overtime compensation in violation of the FLSA (Count I); (2) alleged unpaid overtime compensation under New Jersey's wage and hour law (Count II); (3) alleged unpaid wages in violation of New Jersey's wage payment collection law (Count III); (4) alleged unpaid overtime compensation in violation of Pennsylvania's minimum wage law (Count IV); (5) alleged unpaid wages in violation of Pennsylvania's wage payment collection law (Count V); (6) alleged unpaid overtime compensation in violation of Massachusetts' overtime law (Count VI); (7) alleged unpaid

wages in violation of Massachusetts' payment of wages law (Count VII); and (8) alleged unpaid wages in violation of Florida's minimum wage law (Count VIII).

Defendant denies that it has failed to pay Plaintiffs for all hours worked or overtime wages, or that the Plaintiffs and Opt-Ins are similarly situated to each other or other service technicians. Accordingly, Defendant denies that any class or collective actions should be certified. Defendant also relies, in part, on 29 U.S.C. § 254, which excludes from compensable hours worked all time in which Plaintiffs were travelling to and from work, were engaged in activities that were preliminary or postliminary to their principal activities, and were engaged in activities incidental to the use of company-provided vehicles.[1]

**3. Have settlement discussions taken place?** Yes _____ No \_\_\_\_\_X\_\_\_\_\_

    **(a) What was plaintiff's last demand?**

        **(1) Monetary demand: $ _____**
        **(2) Non-monetary demand: _____**

    **(b) What was defendant's last offer?**

        **(1) Monetary offer: $ _____**
        **(2) Non-monetary offer: _____**

**4. The parties [have \_\_\_\_X_____ have not _____] met pursuant to Fed. R. Civ. P. 26(f).**

**5. The parties [have _____ have not \_\_\_X\_\_\_ ] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.**

Due to the scope of this case, preparing the Initial Disclosures will take longer than usual.

---

[1] Defendants note that one named Plaintiff and 28 Opt-Ins in this action have virtually identical claims pending in a separate action filed on October 25, 2013, *Alvarez et al. v. General Electric Company* (S.D. Fl. 13-62333) ("the Florida Action"). Counsel for Plaintiffs and the Opt-Ins in the Florida action (who have been admitted pro hac vice in this action) have indicated they intend to file a Motion to Transfer the Florida action to consolidate it with the New Jersey action, but have not yet done so. Should counsel fail to file the Motion to Transfer or if the Motion is denied, Defendant will likely file a motion to dismiss the one Plaintiff's and 28 opt-ins' claims in this action based on the doctrine of claim splitting.

**6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).**

    The parties will exchange initial disclosures within 14 days of the Rule 16 conference.

**7. The parties [have _____ have not \_\_\_\_\_X\_\_\_\_\_] conducted discovery other than the above disclosures. If so, describe.**

**8. Proposed joint discovery plan:**

    **(a) Discovery is needed on the following subjects:**

    The scope of this case, including the nature and extent of discovery required, will not be known until the following is determined: (1) whether Plaintiffs' FLSA action should be conditionally designated as a collective action, (2) whether to allow notice and an opportunity to allow similarly situated employees to "opt-in." 29 U.S.C. §216(b), and (3) whether any state law Rule 23 class actions should be certified.

    Merits discovery on Plaintiffs' claims will include: (1) the compensation practices of Defendant; (2) the hours worked by Plaintiffs (and opt-ins/class members should a class be certified); and (3) whether Defendant failed to pay Plaintiffs (and opt-ins/class members should a class be certified) for all hours worked, as well as for overtime hours worked.

    **(b) Discovery [should _____ should not _____] be conducted in phases or be limited to particular issues. Explain.**

    The parties disagree over whether discovery should be conducted in phases.

    **Plaintiffs' Position**

    Plaintiffs do not dispute that class discovery regarding the certification of state law claims will be necessary, and accordingly agrees that class discovery should commence immediately and agree that same can be completed by the end of August. However, Plaintiffs disagree that any discovery is needed regarding collective certification under the FLSA, and are concerned that Defendants' attempt at prolonging FLSA certification is actually designed to needlessly delay notice recognizing that the FLSA statute does not toll for class members until each opts in. It is Plaintiffs' burden to establish the appropriateness of conditional certification pursuant to §216(b). However, the standard is lenient, and typically, a motion for conditional certification is filed "*before discovery* is completed." *See, e.g. Hickton v. Enter. Rent-A-Car Co. (In re Enter. Rent-A-Car Wage & Hour Empl. Practices Litig.)*, 2010 U.S. Dist. LEXIS 82961 (W.D. Pa. Aug. 13, 2010); *Adami v. Cardo Windows, Inc.*, 2014 U.S. Dist. LEXIS 10805 (D.N.J. Jan. 29, 2014) (courts rule on conditional certification based upon pleadings and affidavits alone); *Rochester v. City of E. Orange,*

2013 U.S. Dist. LEXIS 181498 (D.N.J. Dec. 30, 2013) ("court usually only has evidence before it in the form of pleadings and affidavits"); *Morrow v. County of Montgomery*, 2014 U.S. Dist. LEXIS 13093 (E.D. Pa. Jan. 31, 2014) (conditionally certifying collective action where "no discovery has occurred"); *Lugo v. Farmer's Pride, Inc.*, 2008 U.S. Dist. LEXIS 17565 (E.D. Pa. Mar. 7, 2008) (same). Hence, Plaintiffs do not agree that Defendants should be provided time to engage in discovery in an effort to defeat a conditional certification motion where such evidence will not be viewed by the Court and where the taking of the discovery will prejudice absent class members. Rather, Plaintiffs seek to have this Court order Plaintiffs to file their motion by April 14, and further seek Defendants to file an opposition no later than April 28.

Furthermore, as this case already involves more than 50 individuals, there is little basis to delay engaging in merits discovery. This is especially in light of the reality that a court's analysis of Rule 23 frequently overlaps with merits. For this reason, Plaintiffs seek discovery into all matters immediately, and seek for this Court to revisit its scheduling order should the Court grant a motion to conditionally certify a collective action and/or to certify a class action.

### **Defendant's Position**

Defendant's position is that, because of the nature and purported scope of the instant action, discovery should be conducted in two phases. Specifically, at least a limited amount of discovery as to the appropriateness of class/collective treatment is appropriate before any notice goes out to any group of people. This is particularly necessary in the instant action because not only do Plaintiffs' purport to seek to represent a nationwide class of plaintiffs under the FLSA, but they also seek to represent sub-classes of Plaintiffs within their individual states, under separate and distinct state law claims. Thus, the initial phase of discovery should be limited to matters related to the issue of whether the instant action is appropriate for class and/or conditional certification and notice, and then the next phase of discovery should be on the merits of Plaintiffs' claims (and the claims of any individuals who receive permission from the Court to join the instant action, if such permission is granted and such persons join).

However, the amount of time needed for merits discovery is difficult to determine until the precise scope of the instant action is known (*i.e.,* whether any class and/or conditional certification motion is granted, and if so, the size of the class of plaintiffs). Defendant believes that an appropriate date for the deadline to conduct discovery on the class/conditional certification motion (the initial phase) would be August 29, 2014. If the Court *denies* the conditional certification motion, then Defendant believes an appropriate date for the deadline to complete discovery on the merits (the next phase) would be 150 days after the Court rules on the class/conditional certification/notice issue. Alternatively, Defendant believes that, if the Court grants the class and/or conditional certification motion (*i.e.*, if the instant action involves a class of similarly situated individuals), then the amount of time needed for discovery on the merits would depend on the scope of the class. To that end, Defendant proposes that, if the Court grants the class and/or conditional certification motion, then the parties shall file an Amended Joint Scheduling Report within 14 days of the close of any notice period, providing proposed remaining dates and deadlines.

**(c) Proposed schedule:**

<u>**Plaintiffs' Proposed Schedule**</u>

| Item Subject to Deadline | Date of Deadline |
|---|---|
| Amend Pleadings | September 1, 2014 |
| Plaintiffs' Motion for Conditional Certification Pursuant to the FLSA | April 14, 2014 |
| Defendants' Opposition to Conditional Certification | April 28, 2014 |
| Plaintiffs' Reply on Conditional Certification | May 5, 2014 |
| Plaintiffs' Motion for Class Certification | September 1, 2014 |
| Defendants' Opposition to Class Certification | September 29, 2014 |
| Plaintiffs' Reply on Class Certification | October 13, 2014 |
| Commence Discovery on the Merits of Plaintiffs' Claims | Immediately |
| Discovery Deadline | December 1, 2014, but to be revised if Court grants conditional certification motion and/or class certification motion |
| Affirmative Expert Reports | December 15, 2014, but to be revised if Court grants conditional certification motion and/or class certification motion |
| Rebuttal Expert Reports | January 12, 2015, but to be revised if Court grants conditional certification motion and/or class certification motion |
| Completion of All Discovery, Including Expert Discovery | February 9, 2015, but to be revised if Court grants conditional certification motion and/or class certification motion |
| Dispositive Motions | February 23, 2015, but to be revised if Court grants conditional certification motion and/or class certification motion |
| Completion of Mediation | To be determined |

**Defendant's Proposed Schedule**

| Item Subject to Deadline | Date of Deadline |
|---|---|
| Amend Pleadings Without Leave of Court | May 23, 2014 |
| Discovery on Issues Related to Conditional Certification Motion (the Initial Phase) | August 29, 2014 |
| Plaintiffs' Motion(s) for Class and/or Conditional Certification | September 26, 2014 |
| Defendant's Response to Motion(s) for Class and/or Conditional Certification | October 27, 2014[2] |
| Commence Discovery on the Merits of Plaintiffs' Claims | Immediately upon the denial of the Class/Conditional Certification Motion[3] |
| Plaintiffs Serve Expert Witness Summaries and Reports Required by Local Rule 16.1K | 90 days after the denial of the Class/Conditional Certification Motion |
| Defendant Serves Expert Witness Summaries and Reports Required by Local Rule 16.1K | 120 days after the denial of the Class/Conditional Certification Motion |
| Completion of All Discovery, Including Expert Discovery | 150 days after the denial of the Class/Conditional Certification Motion |
| Dispositive Motions | 180 days after the denial of the Class/Conditional Certification Motion |
| Completion of Mediation | 200 days after the denial of the Class/Conditional Certification Motion |
| Non-dispositive Motions | 270 days after the denial of the Class/Conditional Certification Motion |
| Joint Pre-trial Stipulation | 280 days after the denial of the Class/Conditional Certification Motion |
| Two-Week Trial Calendar Starting | 300 days after the denial of the Class/Conditional Certification Motion |

---

[2] Regardless of the date on which Plaintiffs file their Motion for conditional certification pursuant to the FLSA, Defendant respectfully requests 30 days to respond to Plaintiffs' Motion. Plaintiffs do not readily consent to Defendant's request for an extension of approximately 2 weeks because such an extension would prejudice the putative FLSA class members because generally a putative class member's statute of limitations is not tolled until he or she opts-in. To alleviate this concern, Plaintiffs have proposed that Defendant agree to toll said statutes of limitations for a period commensurate with its requested extension. Defendant has yet to agree to such a reciprocal extension. Accordingly, Plaintiffs' counsel is obligated at this time to oppose the requested extension.

[3] Defendant's position is that the proposed dates would be appropriate if the instant action is *not* conditionally certified as a class or collective action. If the instant action is certified, then a more prolonged schedule would be necessary. As noted above, Defendant proposes that, if the Court grants a class and/or conditional certification motion, then the parties shall file an Amended Joint Scheduling Report within 14 days of the close of any notice period, providing proposed remaining dates and deadlines.

**(d) Set forth any special discovery mechanism or procedure requested.**

    See response to 8(b) & (c).

**(e) A pretrial conference may take place on:**

    See response to 8(c).

**(f) Trial date: _____ (\_\_X\_\_\_\_Jury Trial; \_\_\_\_\_ Non-Jury Trial).**

    See response to 8(c).


**9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? If so, please explain.**

    Not at this time.


**10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes _____ No \_\_\_X\_\_\_\_ .**

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

    The parties have discussed issues related to the discovery of Electronically Stored Information ("ESI"), and they agree that the discussion needs to continue (and will continue). The parties intend to continue to work together to discuss ESI issues at this early stage in the proceedings, and agree that they are working towards a mutually acceptable plan on such matters. At this early stage, the parties are not aware of any issues relating to ESI that require Court assistance. However, if any such issues arise, the parties will immediately notify the Court so that such matters can be addressed.


**11. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.**

    Yes.

**12. Do you anticipate any discovery problem(s) not listed above? Describe.**
**Yes _____ No \_\_\_X\_\_\_\_ .**

**13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).**

Defendants contend that some service technicians have agreed to arbitrate any disputes with the company, and the company intends to enforce any such agreements.  Otherwise, neither party believes that this matter is appropriate for voluntary arbitration or mediation at this juncture.

**14. Is this case appropriate for bifurcation?**

Plaintiff does not believe the bifurcation is useful based upon the number of plaintiffs already in the case. Defendants do not believe that bifurcation is necessary in this case other than the proposed phasing of discovery (as set forth in Paragraphs 8(b) & (c) above) to account for Plaintiffs' anticipated motion for conditional certification should this case proceed as a collective/class action.

**15. An interim status/settlement conference (with clients in attendance), should be held:**

Following the Court's decision on Plaintiffs' Motion for Conditional/Class Certification.

**16. We [do _____ do not \_\_\_\_X_____] consent to the trial being conducted by a Magistrate Judge.**

**17. Identify any other issues to address at the Rule 16 Scheduling Conference.**

None.

Respectfully submitted,

| | |
|---|---|
| ___/s/ Nina K. Markey_____ | __/s/ Richard Swartz_____ |
| Nina K. Markey, Esquire | Richard Swartz, Esquire |
| **LITTLER MENDELSON, P.C.** | Justin Swidler, Esquire |
| A Professional Corporation | SWARTZ SWIDLER, LLC |
| 1601 Cherry Street, Suite 1400 | 1878 Marlton Pike East, Ste. 10 |
| Philadelphia, PA  19102.1321 | Cherry Hill, NJ 08003 |
| 267.402.3020 (t) | 856.685.7420 (t) |
| 267.402.3131 (f) | rswartz@swartz-legal.com |
| nmarkey@littler.com | jswidler@swartz-legal.com |
| | |
| Aaron Reed, Esquire (*pro hac vice* motion pending) | Robert D. Soloff, Esquire (*pro hac vice*) |
| Florida Bar No. 0557153 | ROBERT D. SOLOFF, P.A |
| LITTLER MENDELSON, P.C. | 7805 S.W. 6th Court |
| 333 S.E. 2nd Avenue, Suite 2700 | Plantation, Florida 33324 |
| Miami, Florida  33131 | 954.472.0002 (t) |
| Tel:  (305) 400-7500 | 954.472.0052 (f) |
| Fax: (305) 603-2552 | soloffpa@bellsouth.net |
| areed@littler.com | |
| | Alan Eichenbaum, Esquire (*pro hac vice*) |
| Daniel B. Boatright, Esquire (*pro hac vice* motion pending) | LAW FIRM OF ALAN EICHENBAUM, P.A. |
| Missouri Bar No. 38803 | 10059 N.W. 1st Court |
| LITTLER MENDELSON, P.C. | Plantation, Florida  33324 |
| 1201 Walnut Street, Suite 1450 | 954.916.1202 (t) |
| Kansas City, Missouri  64106 | 954.916.1232 (f) |
| Tel: (816) 627-4401 | alanlaw@bellsouth.net |
| Fax: (816) 817-7703 | |
| dboatright@littler.com | Attorney for Plaintiffs |

Attorneys for Defendant General Electric Company

April 3, 2014

## CERTIFICATE OF SERVICE

I, Nina K. Markey, hereby certify that I caused to be served the foregoing **Joint Proposed Discovery Plan** via ECF upon the following:

Richard Swartz, Esquire
Justin Swidler, Esquire
SWARTZ SWIDLER, LLC
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
856.685.7420 (t)
rswartz@swartz-legal.com
jswidler@swartz-legal.com

Robert D. Soloff, Esquire (*pro hac vice*)
ROBERT D. SOLOFF, P.A
7805 S.W. 6th Court
Plantation, Florida 33324
954.472.0002 (t)
954.472.0052 (f)
soloffpa@bellsouth.net

Alan Eichenbaum, Esquire (*pro hac vice*)
LAW FIRM OF ALAN EICHENBAUM, P.A.
10059 N.W. 1st Court
Plantation, Florida  33324
954.916.1202 (t)
954.916.1232 (f)
alanlaw@bellsouth.net

Attorney for Plaintiffs

                                                  *s/ Nina K. Markey*
                                                  Nina K. Markey

Dated: April 3, 2014