[Doc. No. 185]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DONALD MADDY, et al., | Civil No. 14-490-JBS-KMW |
| Plaintiffs, | |
| v. | |
| GENERAL ELECTRIC COMPANY, | |
| Defendants. | |

**Report and Recommendation**

THIS MATTER comes before the Court by way of motion of Defendant, General Electric Company ("GE") seeking dismissal of Plaintiffs', Michael Rose ("Rose") and Kevin Frawley ("Frawley"), claims in the Complaint with prejudice for their failure to respond to discovery. Plaintiffs Rose and Frawley (collectively, "Plaintiffs") oppose this Motion.[1] For the reasons set forth below, this Court recommends that Defendant's motion requesting dismissal of Plaintiffs' claims in the

---

1 Plaintiffs Rose and Frawley did not oppose this Motion in a timely matter. Specifically, on September 22, 2015, one day after their opposition was due, Plaintiffs filed a L. Civ. R. 7.1 letter [Doc. No. 190] for an automatic extension of the return date.  However, the Clerk denied the request as the deadline had expired. On the same day, Plaintiffs filed a letter [Doc. No. 191] indicating that they provided formal responses to Defendant's document requests and, therefore, Defendant's Motion should be denied as moot.  Alternatively, Plaintiffs requested that the Court adjourn the motion until the next motion date, October 19, 2015, to allow Plaintiffs the opportunity to oppose same by October 5, 2015. Although no decision was rendered on Plaintiffs' adjournment request, Plaintiffs filed their opposition by the proposed date of October 5, 2015.  At this juncture, to ensure the just, speedy and most efficient determination of this Motion, *see* Fed. R. Civ. P. 1, the Court will grant Plaintiffs' request *nunc pro tunc*.

Complaint be denied.

**Background**

On January 23, 2014, eight Plaintiffs filed the present action against GE alleging violations of the Fair Labor Standards Act. *See* Compl. [Doc. No. 1]. On February 10, 2014 and March 3, 2014, Frawley and Rose, respectively, filed notices [Doc. Nos. 7 & 12] to join this action.

On April 11, 2014, this Court entered the first Scheduling Order [Doc. No. 25] which, *inter alia*, directed that discovery on the merits for named Plaintiffs and fifteen (15) opt-ins commence immediately. Scheduling Order [Doc. No. 25] ¶ 8, Apr. 11, 2014. Additionally, the Order set forth a December 1, 2014 pretrial factual discovery deadline. *Id.* at ¶ 9. On May 16, 2014, Defendant served its Request for the Production of Documents upon Frawley and Rose. Def. Br. 1. On July 28, 2014, the Court addressed an issue regarding Plaintiffs' delinquent discovery responses and entered an Order directing Plaintiffs to respond to outstanding written discovery on or before August 8, 2014. Am. Scheduling Order [Doc. No. 41] ¶ 1, July 28, 2014.

On August 8, 2014, Defendant agreed to a third extension of time for Plaintiffs Rose and Frawley to serve responses to written discovery. Declaration of Rachel Fendell ("Fendell Decl.") [Doc. No. 197-2] ¶ 5, Ex. 1. On August 21, 2014, having yet to receive discovery responses, Defendant requested that Plaintiffs serve same by August 29, 2014.

2

Fendell Decl. Ex. 1.  On September 4, 2014, Defendant again inquired about the discovery responses from Frawley and Rose and, additionally, sought to ascertain their counsel's position on dismissal of their claims for failure to participate in discovery.  *Id.*  Thereafter, on September 9, 2014, since the issue of the delinquent discovery had not been resolved, the Court issued an Order permitting Defendant to file a motion for sanctions relating to the failure of three Plaintiffs to comply with discovery.  Am. Scheduling Order [Doc. No. 46], Sept. 9, 2014. The Order did not list the names of the delinquent Plaintiffs.

Subsequently, on September 11, 2015, a little more than one year after the Court's Order granting leave to file a motion for sanctions, Defendant filed this Motion.  At the time this Motion was filed, Plaintiffs Frawley and Rose still had not responded to written discovery. Def. Br. 1.  However, on September 21, 2015, Frawley served his responses to Defendant's written discovery.  Pl. Br. [Doc. No. 195], Ex. B. Notably, it appears that Plaintiff Frawley and his counsel did not review the document requests until September 14, 2015 even though same were dated May 16, 2014.  *Id*.  Similarly, Rose did not serve his responses until September 22, 2015 after reviewing the document requests with his attorney on September 8 and 11, 2015, notwithstanding the fact that same were dated May 16, 2014. *Id.*, Ex. C.

**<u>Discussion</u>**

Federal Rule of Civil Procedure 37(b)(2) provides in pertinent

3

part:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court . . . may issue further just orders. They may include the following: . . . dismissing the action or proceeding in whole or in part . . . .

Fed. R. Civ. P. 37(b)(2).

The choice of an appropriate sanction under Rule 37(b) for failure to comply with a discovery order lies within the discretion of the court. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976). Dismissal of a case for discovery violations is a drastic sanction that should be reserved for only the most extreme cases. *See United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 161 (3d Cir. 2003); *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984). In *Poulis*, the Third Circuit set forth six factors for courts to balance in determining whether to impose a sanction of dismissal for the failure to comply with discovery: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to respond to discovery; (3) a history of dilatoriness; (4) whether the party's conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868-70.

Defendant argues that dismissal is appropriate because Plaintiffs have failed to participate in discovery for over one year. Defendant contends that this record of dilatoriness is inexcusable. Additionally,

4

Defendant argues that despite receiving responses to discovery after it filed this Motion, it was prejudiced by Plaintiffs lack of participation and late production because it did not have the opportunity to take additional discovery. Defendant also argues that it was estopped from including certain information in its briefing on Plaintiffs' motion for class certification which was not decided until November of 2014.

To the contrary, Plaintiffs argue that Defendant's Motion is moot because they served written discovery responses. Plaintiffs also argue that Defendant has no legal basis for seeking dismissal because it did not file a motion to compel discovery before seeking dismissal nor is there an order from the Court specifying a date for Plaintiffs Frawley and Rose to respond to discovery.[2]

In this case, on balance, most of the *Poulis* factors weigh against dismissal of Plaintiffs' claims. Indeed, the only factors which somewhat weigh in favor of dismissal are the extent of the parties' personal responsibility and the history of dilatoriness. Here, Plaintiffs instituted this action against the Defendant and, thus, bear a personal responsibility to litigate this matter. Plaintiffs Frawley and Rose failed to respond to written discovery, until after this Motion was filed, despite their adversary permitting multiple extensions. Plaintiffs also failed to comply with this Court's Order which directed

---

2 Plaintiffs also raise many purported procedural deficiencies with regard to Defendant's submissions, however, as Plaintiffs' submissions also did not strictly comply with procedural requirements, the Court will merely remind the parties

5

them to remedy their outstanding discovery obligations. Indeed, while Plaintiffs attempt to argue that the Court's Order did not specifically identify them by name, the Court easily rejects such an argument based on the email correspondence provided with Defendant's submissions which establishes repeated requests from Defendant for responses to written discovery from these particular Plaintiffs.  Plaintiffs, or at the very least their counsel, were aware of the discovery obligations and deficiencies and their attempt to avoid same based on an alleged lack of specificity in the Court's Order is disingenuous.  Moreover, for the same reasons, Plaintiffs have a history of dilatoriness highlighted by the various extensions provided to Plaintiffs for compliance which culminated in a Court Order directing same.  Plaintiffs did not comply with said Order.[3]

To the contrary, the remaining factors weigh against dismissal. First, Defendant's claim that it has been prejudiced is unsupported by the record.  "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'"  *Adams v. Trustees of New Jersey Brewery Employees'*

---

to ensure that all future submissions comport with the Rules of this Court.
3 The Court indicated that these factors "somewhat" weigh in favor of dismissal because the record does not establish why Plaintiffs failed to respond to discovery until more than one year after being served with same.  Notably, what is reflected in the record is that counsel for Plaintiffs did not review Defendant's discovery requests with them until September 2015, however, absent from the record is whether Plaintiffs were personally aware of the discovery requests prior to this date.

6

*Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Here, none of the aforementioned examples are present and, moreover, any prejudice to Defendant can be cured. Defendant has received Plaintiffs' written responses to discovery and Defendant now seeks to depose Plaintiffs, which the Court can, and will, direct.[4]

Second, the Court assumes, as neither party argues this factor for purposes of this report, Plaintiffs' claims are meritorious because this case is being heavily litigated and there has not been a dispositive motion to date to test the legal sufficiency of the claims set forth in the Complaint as a matter of law.

Third, whether Plaintiffs have acted in bad faith is unclear because there is no record evidence elucidating Plaintiffs' failure to respond to written discovery prior to September of 2015. *See, e.g., Briscoe v. Klaus*, 538 F.3d 252, 262 (3d Cir. 2008)(disagreeing with the district court's finding of willfulness because the record was insufficient to support the fact that plaintiff willfully refused to attend the conference as ordered by the court). This factor weighs against dismissal.

Finally, the Court finds that an alternative sanction other than

---

If Plaintiffs were not aware of their discovery obligations then certainly they cannot be held personally responsible for failing to comply with same.
[4] The Court will not entertain Plaintiffs' argument that now they are not part of the group of Plaintiffs for which Defendant has elected to seek discovery. Defendant served discovery requests on Plaintiffs well before this development, thus, their failure to provide responses to same cannot serve as a basis to estop Defendant from a deposition it was entitled to take but for said failure.

7

dismissal would be more appropriate. Indeed, courts must "consider the availability of sanctions alternative to dismissal." *Id*. Here, because Defendant has received the disputed discovery, the appropriate alternative to dismissal is to permit the depositions of these Plaintiffs.

**Conclusion**

In balancing the aforementioned factors, the Court finds that dismissal is not warranted. Thus, it is the recommendation of this Court that Defendant's motion seeking dismissal of Plaintiffs', Michael Rose and Kevin Frawley, claims in the Complaint be denied. However, the Court recommends that Defendant be permitted to take the deposition of the aforementioned Plaintiffs.

Pursuant to Local Civil Rule 72.1(c)(2), any party may object to this report and recommendation "within 14 days after being served with a copy thereof." L. Civ. R. 72.1(c)(2).


Date: February 11, 2016          s/ Karen M. Williams
                                 KAREN M. WILLIAMS
                                 UNITED STATES MAGISTRATE JUDGE


cc: Chief Judge Jerome B. Simandle